# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VANDERBILT UNIVERSITY, | ) Civil Action No. 3:18-cv-00046 |
| Plaintiff, | ) |
| v. | ) Judge Waverly D. Crenshaw |
| | ) Magistrate Judge Frensley |
| SCHOLASTIC, INC., HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, and TED S. HASSELBRING, | ) |
| Defendants. | ) |

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

As evidenced by the signatures of counsel below, the parties have agreed to the following Agreed Confidentiality and Protective Order. Accordingly, it is ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, excerpts therefrom, and other information (collectively, "Discovery Materials") disclosed pursuant to the disclosure or discovery duties created in this Action by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" shall mean all documents, electronically stored information, and tangible things within the scope of Fed. R. Civ. P. 26(a)(1)(A)(ii) and 34(a)(1). A draft of a non-identical copy is a separate document within the meaning of this term.

3. Discrete Discovery Materials that the producing party reasonably believes in good faith to include sensitive personal information or trade secrets or sensitive strategic, technical, marketing, or financial information that the producing party reasonably fears would, if publicly-disclosed, cause competitive injury (to the producing party or third parties) (hereinafter "Confidential Material"), may be designated as "CONFIDENTIAL" by the party producing or disclosing the information. The party who so designates Discovery Materials as CONFIDENTIAL may at any time, and with the consent of any relevant third party, revoke that designation. No party or third party producing documents subject to this Order will designate Discovery Materials as Confidential unless a particularized, specific assessment was made as to each document and the designation only applied to the portions of the document that contain Confidential information. Information that is available to the public shall not be designated CONFIDENTIAL.

4. A producing party may designate any Confidential Material "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" that in its good faith judgment contain, reflect or otherwise disclose: (1) trade secrets under Tenn. Code Ann. § 47-25-1702(4) or under similar provisions of the law of New York State or federal law; or (2) highly sensitive business-related financial information the disclosure of which would be detrimental to the producing party if known to the other parties to this Litigation. The provisions of this Order that apply to CONFIDENTIAL information shall also apply to information designated as CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY unless otherwise indicated.

5. Confidential Material shall be designated as such by any of the following:

   a) Without interfering with the legibility of the material, conspicuously marking the word "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" (or words to the same effect) on the face of

<ul>
<li>each physical page or image of the Document or Information that contains the Confidential Material;</li>
</ul>

b) When ESI is produced that cannot itself be marked with the designation "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY," the physical media on which such ESI is produced should be marked with the applicable designation. The party receiving this ESI is then responsible for affixing the applicable designation label to any physical copies or electronic images that it creates;

c) When producing an electronic document that is marked "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" on its face, the file name shall contain the characters "CON" (for "CONFIDENTIAL" documents) or "AEO" (for "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"); or

d) Employing any other reasonable method to which the parties agree.

6. Except as otherwise permitted by this Order or required by law, Confidential Material may only be used for this Litigation and any appeal between these parties and for no other purpose. Under no circumstance may any Confidential Material and/or any information learned or contained in any such material be used for any business, competitive or non-Litigation purpose.

7. Subject to the provisions of paragraph O of the Initial Case Management Order so ordered by Magistrate Judge Jeffrey S. Frensley on September 25, 2018 and any modification of such order, if a party intends to file a document, Discovery Materials, or other information designated as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY, the filing party will alert the producing party and request the producing party to designate which, if any, Confidential Material will need to be filed under seal (using the procedures described below). The producing party will respond to this request within 48 hours of the initial notice of intent to file, unless the exigencies of the filing require a quicker response. To the extent practicable, information designated as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY shall be filed separately or in

3

Case 3:18-cv-00046   Document 105   Filed 05/22/19   Page 3 of 15 PageID #: 2267

severable portions of filed papers, so that the non-confidential portions may be freely disseminated. Nothing in this paragraph shall prevent the party (with the consent of any relevant third-party) who produced the relevant Confidential Material from filing such materials, including any expert reports, deposition testimony, or any other Discovery Material designated as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY because of its reference to Confidential Material, with the Court and without seal; such filing shall constitute a revocation of the CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY designation associated with such Discovery Materials.

8. Any document, Discovery Materials, or other information entitled to protection under this Order that is submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding in this action must be designated as "PROVISIONALLY SEALED" and electronically filed in the CM/ECF electronic filing system as a "Provisionally Sealed" pleading.

9. Any documents, Discovery Materials, or other information entitled to protection under this Order submitted to the Court as "Provisionally Sealed" will not be available for public viewing. These filings shall only be available for viewing by Court personnel and counsel of record for the parties and shall be subject to the restrictions on Confidential Material under this order, as applicable. If a filing designated as PROVISIONALLY SEALED is submitted to the Court in support of a pleading, the filing party shall serve the document containing the information designated as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY on counsel for the opposing party. Such information shall maintain its Provisionally Sealed status for ten (10) business days. During this ten-day period the party asserting confidentiality may move the Court to continue the protected status of the information

by submitting to the Court a motion for continued protection. The time period for this motion may be extended by agreement of the parties or by leave of Court. A copy of the motion must be delivered to chambers and accompanied with appropriate markings to identify the text, materials or information for which continued protection is warranted. The motion for continued protection shall set forth the reasons why the information should not be disclosed in a public filing and how the information meets the requirements for requests to seal documents identified by the Court in Section O of the Initial Case Management Order. Once a motion has been filed for continued protection, the filing shall retain its Provisionally Sealed status until the Court rules on the motion. If the Designating Party does not timely file such a motion for continued protection, the Designating Party will be deemed to have waived its confidentiality designations for the Confidential Material contained in the filed document and the Provisionally Sealed status will be removed and the document will be available to the public.

10. A Party who seeks to introduce Confidential Material at a hearing, trial or other proceeding that is protected from disclosure under this Order, and which has not been previously filed as Provisionally Sealed in accordance with Paragraph 8 of this Order, shall advise the Court at the time of introduction that the information sought to be introduced is designated as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY and should be treated as if filed as Provisionally Sealed. If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection. Unless the Court orders otherwise, the information designated as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY will be treated as Provisionally Sealed.

11. If any party determines during the course of this action that this Order does not sufficiently protect the confidentiality of information produced or disclosed, it may seek to modify this Order with the agreement of the other parties. If such agreement cannot be obtained, any party may seek modification of this Order by motion to the Court.

12. Discovery Materials designated as CONFIDENTIAL shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case

    c. the parties in this case;

    d. witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is appropriate in conducting discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this case and that his examination with respect to the document is necessary in connection with such testimony;

    e. expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for depositions, preparation of reports or other testimony, trial or other proceedings in this case;

    f. any outside mediator or arbitrator that the Parties engage in this matter or that the Court appoints in connection with the possible resolution of this case;

    g. data recovery vendors, graphic consultants or outside copy services;

    h. qualified persons taking testimony involving such material and necessary stenographic and clerical personnel;

    i. the Court and its employees ("Court Personnel") in this case; and

    j. other persons by written agreement of the Designating Party.

13. Prior to disclosing Discovery Materials designated as CONFIDENTIAL to any person listed in subparagraphs 12(d), (e), (f), or (g), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

14. Any Discovery Materials designated as CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY may only be disclosed: (a) to the Parties' outside counsel of record and such outside counsel's respective current employees and agents who have responsibility for the Litigation and, (b) on a need to know basis, to the persons identified in subparagraphs 12 (e), (f), (g), (h), (i), and (j) provided, however, that prior to such disclosure (other than to the individuals listed in subparagraphs 12(h) and (i)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

15. Whenever a deposition involves the disclosure of Discovery Materials designated as CONFIDENTIAL or CONFIDENTIAL- OUTSIDE COUNSEL EYES ONLY, the deposition or portions thereof shall be designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY, respectively, and shall be subject to the provisions of this Protective Order. Such designation may be made on the record during the

deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY after transcription, provided written notice of the designation is given to all counsel of record. Unless otherwise agreed, all deposition transcripts shall be treated as CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY for five (5) business days after receipt by a party of the transcript. Whenever any information or material designated CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY is disclosed or used at a deposition in which testimony is given, each portion of any such testimony in which such information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Order to have access to such information.

16. In the event that a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY, the party wishing to make that designation must do so within thirty (30) business days of receipt, and identify the information by bates label or, where not bates labeled, by document title and page number(s) or page and line number(s). The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document or information in accordance with such marking. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as the non-designating party notifies the designating party of the prior disclosure and otherwise comes into conformance with the new designation.

17. A party may, but is not obligated to, object to the designation of particular Discovery Materials designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY by giving written notice to the party designating the disputed information. If challenged, the written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection through meet-and-confer within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY to file an appropriate motion within ten (10) business days after the conclusion of that meet-and-confer process. If such a motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY under the terms of this Protective Order. If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY.

18. Neither the attorney-client privilege nor the work product protection is waived by disclosure connected with this litigation. It is ordered that the disclosure of privileged, work product protected or other protected information is not a waiver in the pending case or in any other federal or state proceeding or arbitration. The disclosure of documents, information, or materials in this litigation as part of a production shall not itself constitute a waiver for any purpose. A Producing Party which seeks the return of documents under this section may claw

back the documents that should have been withheld on the basis of the attorney-client and/or work product protection. Upon receipt of such a request for return, the Party to whom the documents were produced must segregate the documents (and all copies thereof) and, unless it challenges the claw-back notification by motion as indicated below, must return, sequester, or destroy them within ten (10) business days. All images of withheld privileged information and any notes or communications reflecting the content of such documents shall either be destroyed or sequestered.

19. This Protective Order shall by agreement of the parties and by Order of the Court establish the Parties' intention to retain the confidentiality of all privileged materials; constitute an acknowledgement that each Party has taken reasonable precautions to prevent disclosure; and operate as an order concerning waiver under, and in a manner otherwise affording the maximum protection allowed by, Federal Rule of Evidence 502(c, d, and e) and analogous law and rules of any other state or court. The provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of privileged information under this Protective Order.

20. The receiving Party may, within ten (10) business days of claw-back notification, seek an order from the Court directing the production of the document on the ground that the claimed privilege or protection is invalid or inapplicable. However, the fact of the production of the document in the course of this action shall not constitute grounds for asserting invalidity or waiver of the privilege or protection.

21. Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

22. Nothing in this Protective Order limits a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

23. Within sixty (60) days of the conclusion of this case, and any appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY shall be returned to the party or non-party that designated it CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY, or the parties may elect to destroy the information. Where the parties agree to return the information designated CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY, the returning party shall provide all parties a written certification of counsel confirming that all information designated CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY has been returned. Where the parties agree to destroy information designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all information designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY.

Despite the provisions of this paragraph, counsel of record may keep for archival purposes copies of all deposition transcripts, court filings, and attorney work product that contains or explicitly references Confidential Material, provided the Documents and Information are treated as confidential under this Order and viewed only by the attorneys and their employees and not by the parties themselves or any other individual or entity.

Nothing in this paragraph shall require a Party to return or destroy Confidential Material if the Party had rights independent of this Order to possess or use the Confidential Material.

24. This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney-client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any permissible grounds. Further, this Protective Order does not limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

25. Neither this Protective Order nor a party's designation of particular Discovery Materials as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" affects or establishes the admissibility or waiver of any right to object to the admissibility at trial of any Discovery Materials covered by this Protective Order.

26. The production of any documents without the designation CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY when it should have been designated as such shall not be deemed a waiver of the right to designate such materials in accordance with this Order.

27. If any party in possession of information designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking production of information designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY, the receiving party promptly shall give written notice, by electronic mail, to the undersigned counsel for the party that produced the information designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY. To the extent permitted by applicable law, the receiving party shall not produce any of the producing party's

information designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY for a period of at least ten (10) business days after providing the required notice to the producing party. If, within ten (10) business days of receiving such notice, the producing party provides written notice to the receiving party that it opposes production of its information designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY, the receiving party shall not thereafter produce such information, except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The producing party shall be solely responsible for asserting any objection to the requested production. The receiving party shall provide a copy of this Order to the Third-Party requesting production of information designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY. This Protective Order does not require the receiving party or anyone else covered by this Order to challenge or appeal any such order requiring production of information designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY covered by this Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from a court.

28. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

29. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Order or to modify this Order at any time in the interests of justice.

30. Any violation of this Protective Order may subject the violator to monetary or other sanctions as deemed appropriate by the Court.

31. This Order is subject to the provisions of paragraph O of the Initial Case Management Order so ordered by Magistrate Judge Jeffrey S, Frensley on September 25, 2018 and any modification of such order.

32. Until such time as this Order is entered by the Court, the Parties shall treat it as "So Ordered."

_____
JEFFERY S. FRENSLEY
U.S. Magistrate Judge

# EXHIBIT A

# AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE STIPULATED PROTECTIVE ORDER

I hereby acknowledge I have read the Stipulated Protective Order (the "Order") in *Vanderbilt University v. Scholastic, Inc. et al.*, No. 3:18-cv-00046, United States District Court for the Middle District of Tennessee. In consideration of being permitted to review Confidential Material, as described in the Order, I agree to comply, and be bound by, the terms set out therein.

I hereby submit myself to the jurisdiction of the United States District Court for the Middle District of Tennessee for the purpose of enforcement of the Order.

_____
Full Name, Title


_____        _____
Signature                             Date