UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VANDERBILT UNIVERSITY, ) | |
| ) | Civil Action No. 3:18-cv-00046 |
| *Plaintiff*, ) | |
| ) | Judge Crenshaw |
| v. ) | Magistrate Judge Frensley |
| ) | |
| SCHOLASTIC, INC.; HOUGHTON MIFFLIN ) | |
| HARCOURT PUBLISHING COMPANY; and ) | |
| TED S. HASSELBRING, ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY**

As shown in Defendants' opening brief (Dkt No. 275 ("Brief")), the Case Management Order ("CMO") provided clear and unambiguous deadlines for the disclosure of expert reports: Vanderbilt was to provide its experts' reports by July 17, 2020, and Defendants were to provide their experts' reports by September 25, 2020. There was no provision for a rebuttal round. To the contrary, the CMO expressly forbade rebuttal experts without leave of Court. Notwithstanding this prohibition, Vanderbilt served rebuttal reports (the "Rebuttal Reports") from four different experts without leave to do so.

Vanderbilt does not dispute any of the foregoing. Instead, it contends that excluding the unauthorized Rebuttal Reports would be unfair because the exclusion would deprive its experts of the opportunity to respond to the opinions offered by Defendants' experts. But that is simply a function of the sequence for expert disclosures that Vanderbilt itself proposed and no different from how expert testimony is handled in many other cases. That Vanderbilt no longer likes the process it proposed (and repeatedly reaffirmed) is not a basis to subject Defendants to a round of rebuttal reports not contemplated by the CMO.

Vanderbilt also contends that the Rebuttal Reports should be permitted because they purportedly respond to new information received after the deadline for its disclosures. This rationale is plainly pretextual and fails to justify the submission of far-ranging rebuttals that go well beyond addressing the limited information Vanderbilt cites. Indeed, when Vanderbilt raised that information as a partial basis for a rebuttal round of expert disclosures, Defendants invited Vanderbilt to make a proposal for limited submissions to address the additional information. Dkt No. 275 at 5 (citing Dkt No. 274-05). Vanderbilt declined to do so, explaining that "addressing new materials cited by the defendants' experts does not resolve our concerns" and that rebuttal reports were necessary to "set[] forth at least the major points where Vanderbilt's experts disagree

1

with defendants' experts (at least where that is not clear from the initial reports)." Dkt No. 274-06. The handful of documents Vanderbilt cites does not provide a basis for Vanderbilt's experts to re-do their initial reports, offer new theories unrelated to the cited documents, or provide general rebuttals of Defendants' experts. The Rebuttal Reports should be excluded, and the testimony of Vanderbilt's experts should be limited accordingly.

## ARGUMENT

### I. Because the CMO Does Not Permit Rebuttal Reports Absent Leave of Court, Vanderbilt's Experts' Testimony Should Be Limited

As Defendants demonstrated (Dkt No. 275 at 7-8), the CMO sets one deadline per side for expert reports and allows for rebuttal "only by leave of court." *See id.* In its Opposition, Vanderbilt argues that the CMO requires leave only for rebuttal *experts* and not rebuttal *reports*. Dkt No. 282 at 9. Vanderbilt's misreading ignores the first sentence of the relevant paragraph in the CMO, which states that "Plaintiff shall identify and disclose all expert witnesses *and expert reports* before September 16, 2019." Dkt No. 93 (CMO) at 7 (emphasis added). The Sixth Circuit has interpreted similar language in Local Rule 39.01(c)(5)(D)—"[n]o rebuttal expert witnesses shall be permitted at trial, absent timely disclosure in accordance with these Rules and leave of Court"—as applying to rebuttal reports by the same expert, not just newly-named rebuttal experts. *See Green Party of Tennessee v. Hargett*, No. 16 Civ. 6299, 2017 WL 4011854, at *2 (6th Cir. May 11, 2017). Thus, the CMO addresses this precise situation. Because Local Rule 39.01(c)(5)(C) and Fed. R. Civ. P. 26(a)(2)(d)(ii) only apply in the absence of an applicable order by the Court, it is irrelevant that Vanderbilt's unauthorized Rebuttal Reports were served within 30 days of Defendants' expert reports.

Moreover, Vanderbilt's Rebuttal Reports are not even proper rebuttal. As Defendants demonstrated (*see* Dkt No. 275 at 11-12), the Rebuttal Reports introduce entirely new theories. As

2

but one example, the Lovin Rebuttal Report includes calculations of royalty pools for Read 180 and certain of the Other Products (*id.* at 2-10) and a pro rata royalty rate (*id.* at 11-13), both of which were wholly absent from his initial report. This is not a response to Ms. Stamm's report (*see* Dkt No. 282 at 15-16), but a new damages theory entirely.

## II. Vanderbilt's Violation of the CMO Was Not Substantially Justified or Harmless

Exclusion under Rule 37(c) is mandatory unless Vanderbilt can demonstrate that its submission of the Rebuttal Reports was substantially justified or harmless—"that is, that it involved an honest mistake or inadvertent omission and that the defendants had knowledge of the contents in the second expert report." *Green Party*, 2017 WL 4011854, at *3. In making this assessment, courts in the Sixth Circuit consider the five factors identified in *Howe v. City of Akron*, 801 F.3d 718, 747-48 (6th Cir. 2015). The *Howe* factors need not be applied rigidly, but "lend themselves to the task at the heart of Rule 37(c)(1): separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219-20 (6th Cir. 2019).

Vanderbilt has not met its burden of establishing that its violation of the CMO was an honest mistake. Vanderbilt's pretextual explanation for its failure to disclose its experts' opinions within the deadline set by the CMO demonstrates that it simply wants to change the rules that it proposed because it no longer likes them. Vanderbilt argues that its rebuttal reports are substantially justified because Defendants recently produced "800 pages of new documents" (Dkt No. 282 at 4-5, 18-20)—the majority of which are a native copy of a demonstration version of the PLL software.[1] But if Vanderbilt simply wanted to respond these newly-produced documents,

---

[1] Non-party Laura Goin produced non-native versions of the PLL demonstration version during discovery. *See* Dkt No. 282 at 4. Defendants asked Ms. Goin for natives—something Vanderbilt could equally have done—and then produced these native files to Vanderbilt on August 19, 2020,

3

Defendants would have permitted Vanderbilt to do so. *See* Dkt No. 274-05. Vanderbilt, however, declined this offer—making clear in the process that Vanderbilt wanted rebuttal reports to respond to Defendants' experts' reports generally, rather than to these newly-produced documents, as the deposition testimony of Vanderbilt's experts confirms. *See* Dkt No. 275-06; Reply Declaration of Edward H. Rosenthal, dated December 18, 2020, Ex. A at 12:16-13:14 (Lovin Rebuttal Report was to respond to the Stamm Report); Ex. B at 36:17-39:10 (Shanahan Rebuttal Report contained new opinions and responded to the Okolo Report); Ex. C at 230:15-232:5 (Webster Rebuttal Report contained new opinions and responded to the Schnell Report). Indeed, in its Opposition, Vanderbilt repeatedly confirms that the purpose of the Rebuttal Reports was to provide testimony on points of disagreement between their experts and Defendants'. *See* Dkt No. 282 at 2 (arguing that it would be "unfair" not to allow Vanderbilt's experts to Defendants' criticisms); *id.* at 6-8 (arguing unfairness and purporting to identify responses made in the Rebuttal Reports to Defendants' experts).

This rationale does not suffice because "disagreement among experts is not an acceptable ground for supplementing reports." *Biscotti, Inc. v. Microsoft Corp.*, No. 2:13 Civ. 01015, 2017 WL 2607882, at *2 (E.D. Tex. May 25, 2017). "Were it otherwise, the Court would have to allow the parties to serve endless 'supplemental' reports in response to each area of disagreement raised by a competing expert." *Id.*; *see also Ullman v. Auto-Owners Mut. Ins. Co*., No. 2:05 Civ. 1000, 2007 WL 1057397 at *5 (S.D. Ohio April 5, 2007). This would "circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case

---

making clear what the production was. *See id.* Vanderbilt did not raise any concern until October 6, 2020—nearly two months later. *Id.* Defendants also produced documents concerning certain other educational software programs on the market at the same time as the PLL, which Dr. Okolo identified in her report. These programs were identified in rebutting Dr. Shanahan's opinion, and could not have been disclosed prior to his report.

4

management deadlines…" *Ullman*, 2007 WL 1057397, at *5. Vanderbilt's Opposition does not address this issue whatsoever—except by arguing that the procedure in the CMO is unfair.

Application of the other *Howe* factors demonstrate that Vanderbilt's attempt to change the rules set forth in the CMO (which Vanderbilt itself proposed) is a litigation tactic, not a harmless mistake. *First*, Vanderbilt's Rebuttal Reports created surprise, being submitted in violation of the CMO (proposed in Dkt No. 92 and repeatedly affirmed in Dkt Nos. 20, 154, 171, 191, 221, 260), and raising wholly new opinions certainly surprised Defendants. *See* Dkt No. 275 at 11-12 (summarizing new opinions and theories offered in the Rebuttal Reports). *Second*, the fact that Vanderbilt asked certain questions of Defendants' experts at their depositions (*see* Dkt No. 282 at 2), hardly provided a basis for defendants to fully respond to the unauthorized Rebuttal Reports. *Third*, there is not ample time to cure this surprise, as the parties must turn to *Daubert* and summary judgment briefing, due in just over a month. *See* Dkt No. 260. *Fourth*, Vanderbilt's argument that the new opinions of the Rebuttal Report are "crucial" to issues of "Defendants' liability and the correct measure of damages" (Dkt No. 282. at 22), confirms Defendants' argument that they are improper rebuttal and should have been presented in Vanderbilt's initial reports.

For all of the reasons stated above, holding Vanderbilt to the rules it proposed and repeatedly agreed to will not "severely prejudice" Vanderbilt or subvert the "truth-finding function at trial." Dkt No. 282 at 2. The CMO contemplated that each side would submit a single set of expert disclosures.[2] Vanderbilt may challenge the analyses of Defendants' experts through cross-examination at trial. *See, e.g.*, *Biscotti*, 2017 WL 2607882, at *2.

---

[2] The correction to Dr. Okolo's report (*see* Dkt No. 282 at 17) was to add references inadvertently omitted from the Reference list, many of which were identified in the body of the report. Unlike Vanderbilt's experts, Dr. Okolo made no revisions to her opinions and hers was a proper correction pursuant to Fed. R. Civ. P. 26(e)(2).

# **CONCLUSION**

For the reasons set forth herein and in their Brief, Defendants respectfully request that the Court limit Vanderbilt's experts' testimony at trial to exclude any opinions raised in the Rebuttal Reports.

Dated: Nashville, Tennessee
       December 18, 2020

/s/ *Thomas H. Dundon*
Thomas H. Dundon #4539
Aubrey B. Harwell, Jr. #2559
Erik C. Lybeck #35233
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1100
Nashville, TN 37203
(615) 244-1713
aharwell@nealharwell.com
tdundon@nealharwell.com
elybeck@nealharwell.com

*Attorneys for Defendant Ted S. Hasselbring*

Dated: New York, New York
       December 18, 2020

/s/ *Edward H. Rosenthal*
Edward H. Rosenthal (*pro hac vice*) (NY Bar No. 1731835)
Caren Decter (*pro hac vice*) (NY Bar No. 4456992)
Nicole Bergstrom (*pro hac vice*) (NY Bar No. 5236344)
Viviane K. Scott (*pro hac vice*) (NY Bar No. 5468996)
FRANKFURT KURNIT KLEIN & SELZ, PC
28 Liberty Street
New York, New York 10005
Phone: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com
cdecter@fkks.com
nbergstrom@fkks.com
vscott@fkks.com

/s/ *Thor Y. Urness*
Thor Y. Urness (BPR No. 13641)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-2384

turness@bradley.com
*Attorneys for Defendant/Counterclaim-Plaintiff Scholastic Inc.*

Dated: New York, New York
December 18, 2020

/s/ David J. Lender
David J. Lender (*pro hac vice*) (NY Bar No. 2583722)
Benjamin E. Marks (*pro hac vice*) (NY Bar No. 2912921)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
david.lender@weil.com
benjamin.marks@weil.com

Michael G. Abelow (No. 26710)
SHERRARD ROE VOIGT & HARBISON, PLC
150 Third Avenue South, Suite 1100
Nashville, TN 37201
(615) 742-4200
mabelow@srvhlaw.com
*Attorneys for Defendant Houghton Mifflin Harcourt Publishing Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2020, true and correct copies of the foregoing Defendants' Reply Memorandum of Law in Further Support of Their Motion *In Limine* to Exclude Expert Testimony were served by operation of the Court's CM/ECF system upon the following:

| | |
|---|---|
| Paige W. Mills<br>Audrey Anderson<br>Mary Leigh Pirtle<br>Ashleigh Karnell<br>**BASS BERRY & SIMS PLC**<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>pmills@bassberry.com<br>audrey.anderson@bassberry.com<br>mpirtle@bassberry.com<br>ashleigh.karnell@bassberry.com | John W. Harbin *(pro hac vice)*<br>Mary Katherine Bates *(pro hac vice)*<br>**MEUNIER CARLIN & CURFMAN, LLC**<br>999 Peachtree Street, NE<br>Suite 1300<br>Atlanta, GA 30309<br>(404) 645-7700<br>jharbin@mcciplaw.com<br>kbates@mcciplaw.com |
| *Attorneys for Plaintiff/Counterclaim-Defendant Vanderbilt University* ||

/s/ Thor Y. Urness
Thor Y. Urness