IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VANDERBILT UNIVERSITY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:18-cv-00046 |
| | )   Judge Crenshaw/Frensley |
| SCHOLASTIC, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**I. INTRODUCTION**

This lawsuit was brought by Vanderbilt University ("Vanderbilt") against its former employee Ted Hasselbring,[1] licensee Scholastic, Inc. ("Scholastic") and Houghton Mifflin Harcourt Publishing Company ("HMH"), which purchased Scholastic's Educational Technology business in 2015. Docket No. 85. The subject of this action is "Read 180," described as "one of the most successful products ever brought to market in the educational technology industry . . . which helps children and teenagers reading below grade level to obtain reading literacy and competency." *Id.* at 1. Twenty years ago, Vanderbilt licensed Read 180 to Scholastic to permit its commercial development and sale. *Id.* Now, Vanderbilt alleges that while "Scholastic and HMH have sold more than one billion dollars of Read 180 and related products . . . Vanderbilt has only been paid a fraction of the royalties to which it is entitled under the License." *Id.*

---

[1] The Parties dispute whether Dr. Hasselbring continued to be an employee after his transition to emeritus status. Docket No. 223, p. 10; Docket No. 235, p. 18-19. The Court implies no opinion on this issue.

This matter is now before the Court upon Vanderbilt's "Corrected Unopposed Motion for Leave to File and/or Maintain Documents Under Seal Previously Filed Under Seal on March 5 and 24, 2021." Docket No. 370. No Party has responded to the Motion, but Vanderbilt indicates that Defendants do not oppose the relief sought. *Id.* at 14. For the reasons set forth below, Vanderbilt's Motion (Docket No. 370) is GRANTED IN PART and DENIED IN PART.

## II. LAW AND ANALYSIS

### A. Motions to Seal

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06, *quoting Baxter Int'l,*

*Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

## B. The Documents at Issue

The documents at issue in this Motion are briefs, exhibits, and other supporting documents related to various motions filed by the Parties, including motions for summary judgment. Docket No. 370, p. 1-3. In all, Vanderbilt "seeks the continued sealing in whole of 52 documents and sealing in part of 30 documents." *Id.* at 1. Vanderbilt makes several arguments in favor of sealing the documents, including that they have been designated as "confidential" or "confidential – outside attorneys' eyes only" by one of the Parties; that they are "confidential on their face and/or contain confidential [*sic*] provisions;" that they "contain confidential and commercially sensitive information or sensitive financial information of the parties" or "confidential information about university personnel matters;" and that such information "would not be made publicly available in the normal course of business." *Id.*, *passim*.

The Court finds that Vanderbilt has not met its burden to establish that these documents meet the sealing standard of this Circuit. As noted above, it is not enough to allege that documents contain information that is sensitive or confidential, that would cause commercial

3

harm if disclosed, or that would not have been made publicly available in the normal course of business. *See Shane Grp.*, 825 F.3d 299. "In civil litigation, only trade secrets, information covered by a recognizable privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308.

Nor is it sufficient that documents have been designated as "confidential" or "attorneys' eyes only" by the Parties under their Protective Order. The Court of Appeals for the Sixth Circuit has made clear that "there is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Id.* at 305. The Court explained its reasoning as follows:

> Discovery concerns the parties' exchange of information that might or might not be relevant to their case. Secrecy is fine at the discovery stage, before the material enters the judicial record. Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). These orders are often blanket in nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection.
>
> . . .
>
> At the adjudication stage, however, very different considerations apply. The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record.

*Id.* (internal quotation marks and citations omitted).

With the exception of three documents (discussed below), Vanderbilt does not claim that the documents contain trade secrets, material covered by a privilege, or material required by

4

statute to be maintained in confidence. *See* Docket No. 370. Further, the public's interest in many of these documents is particularly high because the Parties have included them as support for their dispositive motions. The information in the documents may be relied upon by the Court in determining the outcome of this case.

Vanderbilt has met its burden with respect to three documents: Docket Nos. 334-7, 348-14, 349-4. Vanderbilt asserts that they contain "excerpts of and references to the source code for the software products at issue in this case" and that "HMH . . . considers this software source code to be a trade secret and takes extensive measures to preserve its confidentiality." Docket No. 370, p. 6-7 (internal quotation marks and citation omitted). The Court has examined these documents and determined that they appear to contain trade secret information as described. The public's interest in the documents is minimal because they do not directly bear on any dispositive or generative issue in the case at this time. Further, the proposed seal is narrowly tailored because the documents at issue are so pervaded with trade secret information that redaction is impractical and the end result would be meaningless.

### III. CONCLUSION

For the foregoing reasons, Vanderbilt's Motion (Docket No. 370) is GRANTED IN PART and DENIED IN PART. The following documents will be maintained under seal: Docket Nos. 334-7, 348-14, 349-4. The remaining documents at issue in the Motion will be unsealed.

IT IS SO ORDERED.

Jeffery S. Frensley
United States Magistrate Judge